IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


PATRICIA BAUGH                                                                          PLAINTIFF


v.                                              No. 4:04CV00218 GH


CONTINENTAL INSURANCE COMPANY;
REPLACEMENT PARTS, INC.; AND PARTS
WAREHOUSE, INC.                                                                       DEFENDANTS


## <u>ORDER</u>

Plaintiff filed a motion on October 25th motion to dismiss this case without prejudice for lack of subject matter jurisdiction.  She contends that the stipulated record reveals that the "safe harbor" exception to ERISA jurisdiction, 29 C.F.R. §2510.3-1(j), applies as she voluntarily made all the premium payments for the insurance so that the employer was merely a conduit and there is no ERISA plan.

A joint response was filed on November 17th that any order of dismissal should expressly reserve the jurisdictional question and provide for payment of the defendants' costs and fees for any subsequent return to this Court through removal from state court.  They contend that the plan does not fall within the "safe harbor" as the plan was issued to the employer although the premium were to be collected from the employees, that there were various grounds for cancellation if certain enrollment percentage were not met, and the policy was to be kept in the employer's possession. Defendants assert that the fact that the employer did not pay the cost of the disability insurance for its employees is not determinative and here the plan stated that it was governed by ERISA.  They

continue that the motion should be denied or granted on the condition that plaintiff bear any costs and fees associated with a subsequent return to this Court through removal procedures.

Plaintiff responded on November 24th that she explicitly requests a ruling on the subject matter jurisdiction.

The Court finds that the following excerpts from the case of <u>Witthoeft v. Aon Corp.</u>, 2004 WL 2935853, *2  (N.D. Ill. 2004) are applicable here:

> Under ERISA, an "employee welfare benefit plan" is a "plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...." 29 U.S.C. § 1002(1).  Aon's employee benefit plan, as described in its materials submitted in opposition to the motion to remand, meets these criteria.  The fact that part of the plan is administered by Prudential, an outside entity, does not mean that Aon did not "establish or maintain" the plan.  See, <u>e.g.</u>, <u>Gaylor v. John Hancock Mut. Life Inc. Co.</u>, 112 F.3d 460, 465 (10th Cir. 1997) (citing 29 U.S.C. § 1105(c)(1)); <u>cf. Brundage-Peterson v. Compcare Health Serv. Ins. Corp.</u>, 877 F.2d 509, 511 (7th Cir. 1989) (group insurance plan that employer creates by contract with an insurance company, designating which employees are eligible to enroll, is covered by ERISA).
>
> Witthoeft points out that Aon paid none of the premiums for the LTD coverage; coverage was voluntary; the policy was provided by a separate entity, Prudential Insurance; and Prudential administered the group policy and determined claims for benefits.  Based largely on these factors, and on a Department of Labor regulation indicating that a plan meeting these criteria falls outside ERISA, see 29 C .F.R. § 2510.3-1(j), Witthoeft argues that the LTD policy is not an ERISA plan and thus his claim is properly a state law claim.
>
> The Court disagrees.  Though reference to the DOL regulation is an appropriate guide for determining ERISA coverage, see <u>Postma v. Paul Revere Life Ins. Co.</u>, 223 F.3d 533, 537 (7th Cir. 2000), it is improper to "unbundle" the various aspects of an employee benefit plan in making the determination. <u>Id.</u> at 538.  The LTD insurance was only one aspect of the Aon employee benefit plan.  Aon also provided medical and dental benefits, as well as coverage for short term disability and sick time . See Def. Resp. to Pl's Mot. for Remand, Ex. 1 (Aff. of John A. Reschke) ¶¶ 7, 13. Aon paid the cost of coverage for certain of these benefits, though not for LTD coverage. Id. ¶ 13. The benefit plan as a whole is covered by ERISA, even though the LTD insurance might not be if it were the exclusive aspect of the Aon benefit plan (a question the Court need not decide).  Thus Witthoeft's claim may be made, if at all, only under ERISA.

Thus, based on the current record, the Court is not persuaded that subject matter jurisdiction under ERISA is lacking.

Also before the Court is plaintiff's motion for limited discovery as this Court allowed in Barham v. Reliance Standard Life Insurance Co., 4:03CV00785 GH, and Cannon v. UNUM Life Ins. Co. of America, 219 F.R.D. 211 (D. Me. 2004).  Defendants have not responded to this motion.

In Barham, this Court granted in party and denied in part the discovery requests permitting information specifically directed to Barham's claim.  The Court will follow that procedure here as well although Barham had raised a conflict of interest and here plaintiff asserts procedural irregularity.  However, in Barham, Barham specifically provided the Court with the interrogatories and requests for production sought instead of the broad categories listed in her brief.  Therefore, plaintiff is directed to file, within 20 days of the file-date of this order, a supplemental brief setting out the specific interrogatories and requests for production that are tailored to plaintiff's claim.

Accordingly, plaintiff's October 25th motion (#12) to dismiss is denied.  Plaintiff's January 12th motion (#17) for limited discovery is granted in part and denied in part.  Plaintiff is directed to file, within 20 days of the file-date of this order, a supplemental brief setting out the specific interrogatories and requests for production that are tailored to plaintiff's claim.

IT IS SO ORDERED this 26th day of September, 2005.

UNITED STATES DISTRICT JUDGE